### UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF NEW YORK

JOSEPH MARCIANO and BACK TO HEALTH
INCORPORATED,

Plaintiffs,

v.

JACK CROWLEY and ATLANTIC MEDICAL
SPECIALTIES, INC.,

Defendants.

No. 08-CV-00305-JTC

### MEMORANDUM OF LAW OF DEFENDANTS, JACK CROWLEY AND ATLANTIC MEDICAL SPECIALTIES, INC., IN SUPPORT OF MOTION TO DISMISS CLAIMS

Defendants, Jack Crowley and Atlantic Medical Specialties, Inc. (collectively, the "Defendants"), by and through their attorneys, Phillips Lytle LLP, hereby submit this Memorandum of Law in support of their Motion to Dismiss the claims of Plaintiffs, Joseph Marciano and Back to Health Incorporated (collectively, the "Plaintiffs"), as follows.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On or about March 19, 2008, Plaintiffs, Joseph Marciano ("Marciano") and Back to Health Incorporated ("Back to Health"), commenced the instant action against Defendants, Jack Crowley ("Crowley"), Atlantic Medical Specialties, Inc. ("Atlantic"), and Pulmonetic Systems, Inc. ("Pulmonetic Systems"), by filing a Complaint with the Supreme Court of the State of New York, County of Erie.  In their Complaint, Plaintiffs allege, inter alia, that Crowley, as a principal of Atlantic, orally agreed to pay to Plaintiffs seventy-five (75%) percent of the commissions Atlantic received on sales of Pulmonetic Systems products brought about by the efforts of Plaintiffs.  (Complaint at ¶¶ 8, 9, 14, 54).  Plaintiffs further allege that Defendants did not compensate the Plaintiffs pursuant to the alleged oral agreement, and are liable to them under

claims of breach of contract, violation of Labor Law § 191-c, quantum meruit, and unjust

enrichment. (Complaint at pp. 5 – 8).

Plaintiffs' claims against Defendants are legally insufficient. They should be dismissed

for the reasons discussed below.

## II.    ISSUE PRESENTED

A.    Should the Court dismiss Plaintiffs' claims against Crowley because Plaintiffs have not alleged any facts in support of piercing the corporate veil of Atlantic? *Suggested Answer*: Yes.

B.    Should the Court dismiss Plaintiffs' breach of contract claim against the Defendants because the alleged oral agreement upon which it is premised is unenforceable? *Suggested Answer:* Yes.

C.    Should the Court dismiss Plaintiffs' Labor Law claim against the Defendants because Plaintiffs have failed to state a claim against them for violation of Section 191-c? *Suggested Answer:* Yes.

D.    Should the Court dismiss Plaintiffs' claim against Defendants for an accounting? *Suggested Answer:* Yes.

## III.    LEGAL ARGUMENT

A.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6) should be granted where "it appears beyond a doubt that plaintiff can prove no set of

facts in support of his claim that would entitle him to relief." Cooper v. Parsky, 140 F.3d 433,

440 (2d Cir. 1998). In considering a motion to dismiss, the Court must accept as true all of

Plaintiffs' factual allegations and draw all reasonable inferences in favor of the Plaintiffs.

Kalin v. Xanboo, Inc., et al, 526 F.Supp.2d 392, 399 (S.D.N.Y. 2007). "While a complaint

attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, 'a

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).  Dismissal is proper if the complaint fails to allege any set of facts that would entitle the plaintiffs to relief.  Id.

In their Complaint, Plaintiffs purport to allege five causes of action against the Defendants: breach of contract (First Cause of Action), violation of Labor Law § 191-c (Second Cause of Action), quantum meruit (Third Cause of Action), unjust enrichment (Fourth Cause of Action) and accounting (Fifth Cause of Action).  Even accepting Plaintiffs' allegations as true and drawing all reasonable inferences therefrom, Plaintiffs' First, Second, Third, Fourth  and Fifth Causes of Action are legally insufficient and should be dismissed.

**B.     THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS AGAINST CROWLEY BECAUSE PLAINTIFFS HAVE NOT ALLEGED ANY FACTS IN SUPPORT OF PIERCING THE CORPORATE VEIL OF ATLANTIC.**

In their Complaint, Plaintiffs allege that Crowley is the principal of Atlantic and should be held personally liable, along with Atlantic, on Plaintiffs' claims of breach of contract, quantum meruit, unjust enrichment, violation of Labor Law § 191-c, and for an accounting. Corporate officers are not, however, liable for corporate obligations unless the corporate veil is pierced.  Banks v. Correctional Servs. Corp., 475 F.Supp.2d 189, 197 (E.D.N.Y. 2007)(explaining same).

A strong presumption exists in New York against disregarding the corporate form. Kalin v. Xanboo, Inc., et al, 526 F.Supp.2d at 403 (explaining the same); see also William Wrigley Jr. Co. v. Waters, 890 F.2d 594, 600 (2d Cir. 1989)(noting that New York courts are reluctant to pierce the corporate veil).  A party can only pierce the corporate veil under New York law where it is established that: (1) the owner exercised complete domination over the

corporation with respect to the transaction at issue, and (2) such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil. Am. Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Cir. 1997)(explaining the same). Both of these elements must be established in order to justify application of the doctrine. Apace Communications, Ltd. v. Burke, 522 F.Supp.2d 509, 521 (W.D.N.Y. 2007)(explaining the same). Conclusory allegations of an alter ego are insufficient to survive a motion to dismiss. Kalin v. Xanboo, Inc., et al, 526 F.Supp.2d at, 403 (explaining the same); see also DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996)(dismissing alter-ego claim where complaint was "devoid of *any* specific facts or circumstances" supporting plaintiff's claim for piercing the corporate veil).

Plaintiffs do not allege any facts in their Complaint which would support piercing the corporate veil of Atlantic. Plaintiffs do not allege that Crowley exercised any domination over Atlantic, let alone used any alleged domination to commit a fraud against Plaintiffs. Rather, as set forth above, Plaintiffs merely allege that Crowley, in his capacity as a principal of Atlantic, entered into a purported oral agreement with Plaintiffs relating to the payment of commissions. (Complaint at ¶¶ 9, 28). Having failed to allege any facts that would warrant the disregarding of Atlantic's corporate form, Plaintiffs' cannot proceed with their claims against Crowley, personally, for conduct he allegedly engaged in within the scope of his employment with Atlantic. As a result, Plaintiffs' claims against Crowley should be dismissed. See, e.g., Apace Communications, Ltd. v. Burke, 522 F.Supp.2d at 522 (dismissing claims against corporate officers where plaintiffs failed to demonstrate that corporate officers treated the corporation as their alter ego); Banks v. Correctional Servs. Corp., 475 F.Supp.2d at 197 (granting motion to dismiss breach of contract claim against corporate officer where officer entered into the contract at issue in his official capacity as president of the corporation; reasoning that officer could not be

held liable for alleged corporate obligation); <u>Kalin v. Xanboo, Inc., et al</u>, 526 F.Supp.2d at 403

(dismissing claim for alter ego liability where plaintiff failed to plead any facts showing

domination over corporate defendant); <u>Value Time, Inc. v. Windwor Toys, Inc.</u>, 709 F.Supp.

436, 438 (S.D.N.Y. 1989)(holding that a corporate officer could not be held liable for

corporation's alleged breach of contract where he was acting in his official capacity as an

officer); <u>see also</u> <u>Am.-European Art Associates, Inc., et al v. Trend Galleries, Inc</u>, 227 A.D.2d

170, 171-72, 641 N.Y.S.2d 835, 836 (1st Dep't 1996) (dismissing claims against corporate

officers absent any allegations that the officers acted outside the scope of their employment or

for personal profit).

**C.    THE COURT SHOULD DISMISS PLAINTIFFS' BREACH OF CONTRACT CLAIM AGAINST DEFENDANTS BECAUSE THE ALLEGED ORAL AGREEMENT UPON WHICH IT IS PREMISED IS <u>UNENFORCEABLE</u>.**

In the First Cause of Action of their Complaint, Plaintiffs allege that Defendants breached

an oral agreement with Plaintiffs to pay them commissions on sales of Pulmonetic Systems

products brought about by Plaintiffs' efforts. (Complaint at ¶¶ 14, 28, 54). This purported

agreement is unenforceable under New York's Statute of Frauds.

New York's Statute of Frauds requires an agreement to be in writing if "[b]y its terms [it]

is not to be performed within one year from the making thereof." N.Y. GEN. OBLIG. LAW

§ 5-701(a). This provision "applies to agreements which are, by express stipulation, not to be

performed within a year." <u>Guterman v. RGA Accessories, Inc.</u>, 196 A.D.2d 785, 602 N.Y.S.2d

116 (1st Dep't 1993). "It does not apply to an agreement which appears by its terms to be

capable of performance within the year; nor to cases in which the performance of the agreement

depends upon a contingency which may or may not happen within the year." <u>Id</u>.

When determining whether a contract is capable of performance within a year, "the endurance of defendant's liability is the deciding factor." Levine v. Zadro Prods., Inc., 2003 WL 21344550, *5 (S.D.N.Y. June 9, 2003). Hence, where an oral agreement burdens a defendant with contractual liability of a potentially indefinite duration, the Statute of Frauds will render the oral agreement unenforceable. Id.

Applying the foregoing principles to oral agreements to pay commissions, courts have held unenforceable oral agreements to pay employees commissions where the agreements cannot be performed in a year. See, e.g., Levine v. Zadro Products, Inc., 2003 WL 21344550 at *5; Guterman v. RGA Accessories, Inc., 196 A.D.2d at 785. In Levine v. Zadro Products, Inc., for example, the court held unenforceable an oral agreement to pay an at-will employee commissions arising out of orders placed by customers procured by his efforts. 2003 WL 21344550 at*4. The court reasoned that the employer would remain liable under the agreement so long as it continued to accept orders from clients procured by the former employee, thereby burdening the employer "with a contractual liability of potentially infinite duration." Id. In other words, the defendants continued liability was "not dependent upon any act of the plaintiffs or the defendants ... but [was] wholly dependent upon the act of the third party, the procured customer." Id. at *5. The court concluded that the oral commission agreement could not be performed within a year and was unenforceable under the Statute of Frauds. Id.

Similarly, in Guterman v. RGA Accessories, Inc., the court addressed the enforceability of an oral agreement to pay an employee commissions on orders generated on accounts obtained by him while employed for the employer. 196 A.D.2d at 785. The court held that the alleged oral contract was unenforceable under the Statute of Frauds, reasoning that, "[s]uch an agreement is not capable of performance within a year, performance being dependent not upon

the will of the parties to the oral contract but upon that of third parties." Id. The court explained

that the fact that the plaintiff's employment was terminable at will did not make the alleged

agreement regarding the payment of commissions "any less indefinite or capable of performance

within a year." Id.

Applying the above law here, the oral agreement upon which Plaintiffs premise their

breach of contract action is unenforceable under the Statute of Frauds.  Pursuant to the alleged

oral agreement, Defendants agreed to pay to Plaintiffs commissions on sales of Pulmonetic

Systems products brought about by Plaintiffs' efforts.  (Complaint at ¶¶ 14, 54).  Under the

alleged agreement, Atlantic remains liable to Plaintiffs so long as it accepts sales procured by

Plaintiffs' efforts.  Like the employers in Levine and Guterman, Atlantic is burdened with a

contractual liability of potentially infinite duration.  Like the agreements in Levine and

Guterman, the instant alleged agreement cannot be performed in a year and is unenforceable

under the Statute of Frauds.  Plaintiffs' breach of contract claim against Defendants should,

therefore, be dismissed.

**D.** **THE COURT SHOULD DISMISS PLAINTIFFS' LABOR LAW CLAIM AGAINST DEFENDANTS BECAUSE PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST THEM FOR VIOLATION OF SECTION 191-C.**

In their Second Cause of Action, Plaintiffs allege that, "Defendants have refused to pay

Plaintiffs the commissions due to Plaintiffs despite due demand" in violation of Labor Law §

191-c, N.Y. LABOR LAW § 191-c.[1]  (Complaint ¶¶ 35, 37).  Plaintiffs' claims are legally

insufficient as a matter of law and should be dismissed.

**1.** **The Oral Agreement is Unenforceable under Labor Law § 191-b**

---

[1] Although the Second Cause of Action names only Pulmonetic Systems in its title,
Plaintiffs include allegations against the remaining Defendants for violation of the Labor Law.

Labor Law § 191-c, upon which Plaintiffs premise their Second Cause of Action, provides, in relevant part, that, "when a contract between a principal and a sales representative is terminated, all earned commissions shall be paid within five business days after termination or within five business days after they become due in the case of earned commissions not due when the contract is terminated." N.Y. LABOR LAW § 191-c(1). Pursuant to Section 191-b(1), the contract "shall be in writing and shall set forth the method by which the commission is to be computed and paid." N.Y. LABOR LAW § 191-b(1). An oral agreement cannot form the basis for a claim brought under Labor Law § 191-c. Guterman v. RGA Accessories, Inc., 196 A.D.2d at 785 (explaining the same; citing Labor Law § 191-b).

In the present matter, that alleged agreement upon which Plaintiffs premise their Section 191-c claim is oral, and not written. As a result, Plaintiffs' claim against Defendants for violation of Section 191-c is legally insufficient and should be dismissed.

### 2.   **Neither Crowley nor Atlantic is a "Principal" under Labor Law § 191-a.**

Plaintiffs' Labor Law claims against Defendants should also be dismissed because neither is a "principal" within the meaning of the Labor Law. Pursuant to Labor Law § 191-a, the term "principal" means "any person or company engaged in the business of manufacturing, and who: (1) [m]anufactures, produces, or distributes a product for wholesale; (2) contracts with a sales representative to solicit orders for the product; and (3) compensates the sales representative in whole or in part by commissions." N.Y. LABOR LAW § 191-a.

Plaintiffs do not allege in their Complaint that Crowley or Atlantic are engaged in the business of manufacturing. Rather, Plaintiffs merely allege that Crowley is a principal of Atlantic, which company is a sales representative of Pulmonetic Systems products. (Complaint at ¶ 9, 10). Plaintiffs do not allege that Atlantic or Crowley manufacture the Pulmonetic Systems

products at issue.  As a result, Defendants cannot be held liable as "principals" within the meaning of Labor Law 191-c.  Plaintiff's Second Cause of Action against the Defendants should, therefore, be dismissed.

**E.      THE COURT SHOULD DISMISS PLAINTIFFS' CLAIM AGAINST DEFENDANTS FOR AN ACCOUNTING.**

In their Fifth Cause of Action, Plaintiffs allege that they are entitled to "an accounting of the transactions involving Pulmonetic Systems' products sold by Plaintiffs before March 13, 2008." (Complaint at ¶ 56).  In order to state an action for an accounting under New York law, plaintiffs must establish the following four elements: "(1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him a burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, a demand for an accounting and a refusal."  Beautiful Jewellers Private Ltd v. Tiffany & Co., 2007 WL 867202, *7 (S.D.N.Y. Mar. 21, 2007)(setting forth the elements required to state a claim for an accounting); see also Sipos v. Fastrack Healthcare Sys., Inc., 2006 WL 1993496, *4 (N.Y. Sup. Aug. 15, 2005)(explaining that, "in order to maintain an action for an accounting, the party seeking the accounting must establish the existence of a fiduciary or trust relationship).  Plaintiffs have not alleged or established the first or third elements of this cause of action.  As a result, Plaintiffs' claim for an accounting against Defendants should be dismissed.

**1.      Plaintiffs Do Not Allege a Fiduciary Relationship with Defendants.**

Plaintiffs do not allege any fiduciary relationship with the Defendants.  Even though Defendants contracted with Back to Health for a period of time, this relationship in and of itself is insufficient to create a fiduciary relationship.  In New York, the employer-employee relationship will not be found to create a fiduciary relationship unless there is an agreement by which the employee agrees to share the losses of the employer.  Sipos v. Fastrack Healthcare

<u>Sys., Inc.</u>, 2006 WL 1993496 at*4 (explaining the same).  The fact that a former employer may owe money to a former employee does not make the former employer a fiduciary.  <u>Id</u>.

Plaintiffs do not allege the existence of any fiduciary relationship between them and Defendants, nor any facts supporting a finding of the same.  Plaintiffs do not allege any agreement by which they agreed to share the losses of Atlantic.  Rather, Plaintiffs merely allege that the Defendants did not "compensate Plaintiffs according to the terms of the oral contract." (Complaint at ¶ 54).  Pursuant to the foregoing law, even if Atlantic owes Plaintiffs money, which is denied, this alleged liability does not create the fiduciary relation required to prevail on a claim for an accounting.  <u>Sipos v. Fastrack Healthcare Sys., Inc.</u>, 2006 WL 1993496 at*4.  In the absence of a fiduciary or trust relationship, Plaintiffs cannot state a claim against Defendants for an accounting.  <u>Beautiful Jewellers Private Ltd v. Tiffany & Co.</u>, 2007 WL 867202 at*7; <u>see also</u> <u>Sipos v. Fastrack Healthcare Sys., Inc.</u>, 2006 WL 1993496 at*4.

    2.    **<u>Plaintiffs Have An Adequate Legal Remedy</u>.**

Plaintiff's claim for an accounting should also be dismissed because they have an adequate legal remedy.  A suit for breach of contract provides an adequate legal remedy for an accounting claim.  <u>Dayan Enterprises Corp. v. Nautica Apparel, Inc.</u>, 2003 WL 22832706, *1 (S.D.N.Y. Nov. 26, 2003)(holding the same; dismissing claim for accounting where plaintiff also brought an action for damages for breach of contract).

In <u>Dayan Enterprises Corporation</u>, for example, the court granted the plaintiff's motion to dismiss the defendant's counterclaim for an accounting because the defendant also sought damages against the plaintiff by way of a breach of contract action.  2003 WL 22832706 at *1. The court reasoned that, if the defendant were to prevail on its breach of contract claim, discovery as to the measure of damages, encompassing all of the information defendant sought in

its accounting claim, would be available. Id. The court, therefore, dismissed the claim for an accounting. Id.

Applying the foregoing law here, Plaintiffs' claim for an accounting should be dismissed because Plaintiffs seek damages against the plaintiffs by way of, inter alia, a breach of contract, quantum meruit and an unjust enrichment action. If Plaintiffs were to prevail on these claims, they would be entitled to discovery as to the measure of damages. As a result, Plaintiffs have an adequate legal remedy. Their claim for an accounting should, therefore, be denied.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants, Jack Crowley and Atlantic Medical Specialties, Inc., respectfully request that their Motion to Dismiss be granted, and that this Honorable Court award any further relief deemed just and appropriate under the circumstances.

Respectfully submitted,

PHILLIPS LYTLE LLP

By:   /s/      William P. Keefer
        William P. Keefer, Of Counsel
        3400 HSBC Center
        Buffalo, NY 14203
        (716) 847-8400
        Attorney for Defendants,
        Jack Crowley and Atlantic Medical
        Specialties, Inc.

Date:   April 22, 2008

Doc # 01-2212132.1