UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH MARCIANO and
BACK TO HEALTH INCORPORATED,

                Plaintiffs,

    v.                                  Civil No.:   08-CV-00305-JTC

JACK CROWLEY, and
ATLANTIC MEDICAL SPECIALTIES, INC.,

                Defendants.

---

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

WEBSTER SZANYI LLP
Attorneys for Plaintiffs
Joseph Marciano and
Back To Health Incorporated
Kevin A. Szanyi
Jeremy A. Colby
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800

## **Preliminary Statement**

Defendants Jack Crowley and Atlantic Medical Specialties, Inc. ("AMS") asked Plaintiffs to procure sales of Pulmonetics products. Plaintiffs procured sales of Pulmonetics products for Crowley and AMS for several years. As compensation for sales procured by Plaintiffs, they received 75% of the commission that Defendants received from Pulmonetics. One day, however, Plaintiffs procured the sale of 1700 ventilators (at a sales price of nearly twelve million dollars) from the New York State Department of Health (the "DOH Sale"). Defendants paid Plaintiffs part of the commission at the same rate that Plaintiffs had always been paid. Defendants, however, refused to pay the remainder of the commission. Despite having paid Plaintiffs part of the commission, thus demonstrating that compensation was owed, Defendants reneged on the contract for the DOH Sale. Defendants subsequently terminated the at-will relationship with Plaintiffs on March 13, 2008 and are now attempting to ride off into the sunset.

Plaintiffs filed this breach of contract action to recover the commissions improperly withheld by Defendants for the DOH Sale. Crowley and AMS have filed a motion to dismiss with the hope of avoiding their obligation. After having reaped the benefits of a series of contracts for the procurement of sales, Defendants now refuse to fulfill their obligations for the DOH Sale. Defendants' motion, however, must be denied.[1] First, Plaintiffs assert direct claims against Jack Crowley, not derivative veil-piercing or alter-ego claims. Defendants' arguments for dismissal of Crowley, therefore, are irrelevant. Second, the contract alleged by Plaintiffs does not come within the

---

[1] Plaintiffs withdraw their Fifth Cause of Action (Accounting).

Statute of Frauds because (1) the contract is capable of performance within one year because Plaintiffs assert entitlement to a finalized executed sale, not all future sales; (2) the parties had an at-will relationship and each procured sale was a separate contract; and (3) partial performance would remove the contract from the Statute of Frauds in any event.  Third, Plaintiffs do not assert Labor Law claims against the moving Defendants – and Defendants' argument to the contrary is irrelevant.  Fourth, Defendants make no argument and cite no authority that would call into question the legal feasibility of Plaintiffs' unjust enrichment and *quantum meruit* claims.  Accordingly, Defendants' motion to dismiss must be denied.

## Argument

A.   **Standard Of Review**

In deciding Defendants' motion to dismiss, this "Court's task is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."[2]   If any portion of Defendants' motion is granted, such claims should be dismissed <u>without</u> prejudice.[3]

Defendants failed to comply with Rule 7.1(e) of the Local Rules of Civil Procedure, which provides as follows:

> Absent leave of Court or as otherwise specified in this rule, upon any motion filed pursuant to Federal Rules of Civil Procedure **12**, 56 or 65(a), the **moving party shall file** and serve with the motion papers a memorandum of law and **an affidavit** in support of the motion and the opposing party shall file and serve with the papers in opposition to the motion an answering memorandum and a supporting affidavit.  **Failure to comply with this subdivision may constitute grounds for resolving the motion against the non-complying party**."[4]

Defendants have not complied with this rule and this Court has the discretion to deny Defendants' motion as a sanction for their non-compliance.

---

[2] <u>Banks v. Correctional Servs. Corp.</u>, 475 F. Supp. 2d 189, 195 (E.D.N.Y. 2007) (internal quotation marks and citation omitted).

[3] <u>Apace Communications, Ltd. v. Burke</u>, 522 F. Supp. 2d 509, 523 (W.D.N.Y. 2007) (granting plaintiff leave to amend complaint to allege veil-piercing allegations against individual defendant).

[4] Rule 7.1(e) of the Local Rules of Civil Procedure (emphasis added).

4

B.    **Plaintiffs Need Not Allege Facts Sufficient To Pierce The Corporate Veil
      <u>Because Plaintiffs Allege Direct Liability Against Both Defendants</u>**

          Defendants argue that Jack Crowley should be dismissed as a defendant

because Plaintiffs have not alleged facts sufficient to pierce AMS' corporate veil.  This

argument must be rejected because Plaintiffs assert direct claims against both Crowley

and AMS.  There is no need to pierce AMS' corporate veil because **<u>direct</u>** liability is

alleged against **<u>both</u>** parties.  Plaintiffs do not allege derivative liability (i.e., veil-piercing

or *alter ego* theories).  Defendants' argument for dismissal of Crowley, must therefore

be denied.  For example, in <u>Luyster v. Textron, Inc.</u>, Judge McKenna denied Textron's

motion to dismiss because there was no need to allege veil-piercing in the complaint

where <u>direct liability</u> was pled.[5]  The <u>Luyster</u> Court rejected Textron's argument that it

should be dismissed as a party because plaintiff failed to allege facts supporting a *prima*

*facie* case of corporate veil-piercing where it noted that:

> As Plaintiff appears to seek to recover through **direct liability**, rather than
> by veil piercing, **a motion to dismiss** because Plaintiff has failed to allege
> facts relating to piercing the corporate veil is **not on point**.  Moreover, the
> Court need not reach the issue of piercing the corporate veil to resolve
> Defendant Textron's role at this stage in the litigation.  Defendant Textron
> remains a defendant because Plaintiff has alleged that Textron is directly
> liable.[6]

<u>Luyster</u> also noted that Plaintiff could seek to maintain "the option of recovering from

Defendant Textron by piercing the corporate veil" by seeking leave to file an amended

complaint.[7]  Likewise here.  Plaintiffs plead direct liability against Crowley and AMS.

---

[5] 2007 WL 1792505, at * 1 (S.D.N.Y. 2007).

[6] <u>Id.</u> at *2 (emphasis added).

[7] <u>Id.</u> at *3.

5

Derivative theories of liability are not yet alleged.   Courts have denied motions to dismiss predicated upon purported deficiencies in veil-piercing or alter ego theories of liability where claims are made under a theory of direct liability.[8]  Defendants, however, conveniently ignore the fact that direct claims are asserted against Crowley.   In any event, Plaintiffs are of course free to plead in the alternative.[9]  Plaintiffs reserve the right to seek leave to file an amended complaint to allege veil-piercing, should the facts warrant, after obtaining appropriate discovery.

Defendants' cases are inapplicable because none of them involve claims for direct liability (as opposed to derivative "veil-piercing" or *alter ego* claims). Moreover, many of Defendants' cases are inapplicable because they pre-date the Supreme Court's decision in Swierkiewicz v. Sorema, N.A., which liberalized the notice

---

[8] Fugazy Int'l Travel Group v. Stargazer, Ltd., 2003 WL 115220, at *2 (S.D.N.Y. 2003) (denying motion to dismiss on basis of inadequately pled case for veil-piercing and noting that "a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement *without regard to piercing the corporate veil*"); State of Maine v. Kerramerican, Inc., 480 F. Supp. 2d 365, 366 (D. Me. 2007) (noting distinction between direct liability claims and claims asserting "derivative liability, i.e., that the Court should pierce the corporate veil . . . or that [an individual party] should be treated as an alter ego of [a corporate party]"); In re Managed Care Litigation, 185 F. Supp. 2d 1310, 1315 (S.D. Fla. 2002) (denying motion to dismiss because the "Amended Complaint charges Aetna with responsibility only for its own wrongful conduct, and [plaintiffs] disavow any reliance on derivative liability or a corporate-veil-piercing theory."); Jackam v. Hospital Corp. of Amer. Mideast, Ltd., 800 F.2d 1577, 1580 (11th Cir. 1986) (reversing grant of motion to dismiss because defendant did "little to negate [its] direct liability" as opposed to "piercing the corporate veil" theory of liability); Envisionet Computer Services v. Microportal.com, Inc., 2001 WL 179882, at *10 (D. Me. 2001) ("EnvisioNet also clarifies that its claim against the iCentennial defendants is not premised on piercing MicroPortal's corporate veil, but for their '*direct* liability . . . for unjust enrichment.'") (citation omitted).

[9] *See* Henry v. Daytop Village, Inc., 42 F.3d 89, 95-96 (2d Cir. 1994) (permitting plaintiff to plead in the alternative and noting that, under Rule 8(e)(2) of the Federal Rules of Civil Procedure, "a plaintiff may plead two or more statements of a claim, even within the same count, regardless of consistency") (citation omitted).

pleading standard.[10]   Furthermore, <u>Banks</u> is distinguishable because it involved a

contract <u>signed</u> by an individual in his corporate capacity.[11]  Here, on the other hand, an

oral contract is alleged against both Crowley and AMS – and there is currently no

allegation of a contract signed by an individual expressly acting in a corporate capacity.

Finally, other cases cited by Defendants involved evidentiary considerations that are not

applicable at this stage of the case.[12]   Accordingly, Defendants' motion to dismiss

claims against Crowley must be denied.


C.    **Plaintiffs' Breach Of Contract Claims Are Enforceable Because The Statute Of Frauds Does Not Apply – The Contract Was Capable Of Performance Within One Year**

Defendants argue that Plaintiffs' claim for breach of contract to pay a

commission on the DOH Sale is unenforceable under the Statute of Frauds.   This

argument must be rejected because, as noted in Defendants' memorandum, the Statute

of Frauds "does **not apply** to an agreement which appears by its terms to be capable of

performance within the year; nor to cases in which the performance of the agreement

---

[10] <u>Textiles Network Ltd. v. DMC Enters., LLC</u>, 2007 WL 2460767, at *5 (S.D.N.Y. 2007) (noting that cases such as <u>DeJesus v. Sears, Roebuck & Co.</u>, 87 F.3d 65 (2d Cir. 1996) pre-date <u>Swierkiewicz</u>, 534 U.S. 506 (2002) and its alteration of the pleading standard required under Rule 8(a) of the Federal Rules of Civil Procedure).   Moreover, Defendants' cannot rely on state decisions, which are irrelevant on the issue of <u>federal</u> pleading standards.  <u>Id.</u>  Accordingly, this Court should ignore the following authorities cited by Defendants: <u>Am. Fuel Corp.</u>, <u>DeJesus</u>, <u>William Wrigley</u>, <u>Value Time</u>, and <u>Am-European Art Assocs</u>.  Defs.' Mem., at 3-5.

[11] <u>Banks</u>, 475 F. Supp. 2d at 197.

[12] <u>William Wrigley Jr. Co. v. Waters</u>, 890 F.2d 594 (2d Cir. 1989); <u>American Fuel Corp. v. Utah Energy Dev. Co., Inc.</u>, 122 F.3d 130 (2d Cir. 1997).

depends upon a contingency which may or may not happen within a year."[13]   The

Second Circuit Court of Appeals has noted that

> New York courts perhaps also believing that strict application of the
> statute causes more fraud than it prevents, have tended to construe it
> warily. The one-year provision has been held not to preclude an oral
> contract unless there is not . . . the slightest possibility that it can be fully
> performed within one year.[14]

Accordingly, it is "well-settled that for a contract to fall within [General Obligations Law §

5-701(a)(1)] of the Statute of Frauds, there **must be absolutely no possibility of**

**performance of the contract within one year**."[15]

Here, however, the contract for a commission on the DOH Sale

unquestionably procured by Plaintiffs was capable of being performed within one year

because Plaintiffs' offer (i.e., a procured sale) and Defendants' acceptance (i.e.,

payment of a commission) was capable of and should have been performed within one

year.[16]   Defendants also concede that, "[w]hen determining whether a contract is

capable of performance within a year, 'the endurance of defendant's liability is the

---

[13] Defs.' Mem., at 5 (quoting Guterman v. RGA Accessories, Inc., 196 A.D.2d 785 (1st
Dep't 1993)) (emphasis added).

[14] Ohanian v. Avis Rent A Car System, Inc., 779 F.2d 101, 106 (2d Cir. 1985) (internal
quotation marks and citation omitted).

[15] Day v. Meyer, 2000 WL 1357499, at *3 (S.D.N.Y. 2000) (citing Ohanian and holding
that the alleged contract was capable of performance within one year because
defendants' liability could have concluded within one year if performance was achieved
within one year) (emphasis added).

[16] North Shore Bottling Co. v. C. Schmidt & Sons, 22 N.Y.2d 171, 177 (1968) (holding
that contract for sole distributorship "for as long as Schmidt sold beer in [Queens
County]" did not fall within the Statute of Frauds because it was possible that the
contract would not be performed within one year, despite possibility that contract might
continue for more than one year).

deciding factor.'"[17]   Here, however, Defendants' liability only endured for one sale – **not** all future sales to DOH.

Defendants' authorities are distinguishable because they hold that an oral contract for commissions is unenforceable where it purports to establish **indefinite liability for future sales**.   Here, however, Plaintiffs do not seek to hold Defendants liable indefinitely for future sales, but merely seek to collect the commission owed because of a completed sale.  For example, <u>Guterman</u> involved an

> oral agreement under which [plaintiff] was to earn commissions not only on those particular orders placed through him **[i.e., the case here]** but also on all orders and future orders generated by new accounts obtained through his efforts **[i.e., not the case here]**.  Such an agreement is not capable of performance within a year, performance being dependent not upon the will of the parties to the oral contract but upon that or third parties, and is thus unenforceable under the Statute of Frauds.[18]

<u>Guterman</u> further held that the "indefinite promise to pay commissions on all future sales is clearly within the Statute and voidable for want of a writing satisfying the Statute."[19]

Similarly, <u>Levine</u> held that plaintiff's claims "fail because the Statute of Frauds applies and bars the enforcement of an agreement for ongoing post-termination commissions."[20]   Here on the other hand, Plaintiffs do not seek ongoing post-termination commissions.  Defendants had the ability to terminate their contractual obligation within one year by paying Plaintiffs the full commission owed – with no further

---

[17] Defs.' Mem., at 6 (quoting <u>Levine v. Zadro Prods., Inc.</u>, 2003 WL 21344550, at *4 (S.D.N.Y. 2003)).

[18] <u>Guterman</u>, 196 A.D.2d at 785 (citation omitted) (emphasis added).

[19] <u>Id.</u>

[20] <u>Levine</u>, 2003 WL 21344550, at *2.

9

or enduring obligation by Defendants.[21]   Accordingly, the contract alleged here is enforceable and does not run afoul of the Statute of Frauds.

1.   **The Parties' At-Will Relationship Takes The Contract Outside The Statute Of Frauds**

The parties' contractual relationship was at-will.  In fact, Defendants terminated the relationship..[22]  Plaintiffs' do not seek commissions for post-termination sales.  This case is thus governed by Prussiano v. Sunrise Plastering Corp., which held that:

> Under the agreement, each time that defendants elected to accept a proposed contract brought to them by plaintiff there arose **a separate obligation on their part to pay him the agreed commission**.  Neither party, however, was obligated to do anything to bring about another such contract.  Since the agreement was one at will and for no definite or specific time and thus by 'its terms' did not necessarily extend beyond one year from the time of its making, the Statute of Frauds is inapplicable.[23]

This case is also governed by the Court of Appeals' decision in Nat Nal Service Stations, Inc. v. Wolf, which held that

> Here, neither party has, **nor is it possible** for them under the terms of the alleged agreement, to furnish consideration through performance which will **bind the other party for a period beyond the offering and acceptance of a particular order**.  Plaintiff need never perform at all. If plaintiff chooses to perform by placing an order the defendants are not bound to accept it. If defendants perform by acceptance of an order they do not bind themselves as to any future order. It is clear that **each order**

---

[21] See Raes v. So-Lite Furniture Corp., 4 A.D.2d 851, 851 (4th Dep't 1957) (contrasting contracts of "infinite duration" that are dependent on the will of third parties (i.e., unenforceable) with contracts where future liability is contingent upon the will of the parties to the contract (i.e., enforceable)).

[22] Compl. ¶ 12.

[23] 285 A.D. 1182, 1182 (2d Dep't 1955) (citations omitted) (emphasis added).

**and acceptance is a separate contract and that the parties herein have performed and executed a series of contracts.**[24]

Accordingly, each time Plaintiffs procured a sale, such as the DOH Sale, a separate obligation arose. Defendants' obligation, therefore, did not extend beyond one year from the time of its making and the Statute of Frauds is thus inapplicable. Once Defendants' obligation for a commission for procurement of the DOH Sale arose, the parties' contract was removed from the Statute of Frauds – regardless of future calculations concerning the commission.[25]

---

[24] 304 N.Y. 332, 340 (1952) (emphasis added).

[25] *See, e. g.,* Gold v. Benefit Plan Administrators, Inc., 233 A.D.2d 421, 421 (2d Dep't 1996) ("plaintiff's entitlement to commissions for sales she finalized prior to her termination was not barred by the Statute of Frauds and was separable from the unenforceable agreement to pay her commissions for renewals . . . . [and] [e]ven though the amount of the commissions due could not be determined until some future time, [s]uch future satisfaction of a pre-existing liability involves the matter of computation only and is merely mechanical in its application"); Stillman v. Kalikow, 22 A.D.3d 660, 662 (2d Dep't 2005) (same); Hubbell v. T.J. Madden Constr. Co., 32 A.D.3d 1306, 1306 (4th Dep't 2006).

2.   **Partial Performance Removes The Contract From The Statute Of Frauds**

As discussed above, the contract alleged here was capable of performance within one year.  Consequently, partial performance in reliance upon, and unequivocally referable to, the oral agreement removes the contract from the ambit of the Statute of Frauds.[26]  Partial performance (or full albeit imperfect performance) is alleged here where Plaintiffs procured the DOH Sale and Defendants paid some of the commissions owed.

D.   **Plaintiffs Do Not Assert Labor Law Claims Against Crowley Or AMS**

Defendants misconstrue the Complaint, which only asserted Labor Law claims against Pulmonetics.[27]  The Heading for the Second Cause of Action clearly listed only Pulmonetics.  Accordingly, Defendants arguments on this point are irrelevant and their motion to dismiss must be denied.

E.   **Plaintiffs Withdraw Their Accounting Cause Of Action**

Plaintiffs withdraw without prejudice the accounting cause of action because a legal remedy and discovery will provide Plaintiffs sufficient recourse.

---

[26] EDP Hosp. Computer Systems, Inc. v. Bronx-Lebanon Hosp. Ctr., 13 A.D.3d 476, 478 (2d Dep't 2004) (citations omitted); Gerry's Foods of Oceanside, Inc. v. Blue Ridge Farms, Inc., 292 A.D.2d 417, 418 (2d Dep't 2002) (holding that oral contract was outside the Statute of Frauds because of partial performance, i.e., the transfer of assets and payment of royalties); Brady v. Helmsley, 246 A.D.2d 486, 487 (1st Dep't 1998) (holding that partial performance of oral agreement to pay mortgage for 20 years (i.e., by actually paying the mortgage for four years) removed contract from the Statute of Frauds).

[27] Plaintiffs have discontinued the action against Pulmonetics without prejudice.

F.     **Defendants Make No Arguments With Respect To Plaintiffs' Third
(_Quantum Meruit_) And Fourth (Unjust Enrichment) Causes Of Action**

Plaintiffs assert claims for _quantum meruit_ and unjust enrichment.

Although Defendants' memorandum asserts that all of Plaintiffs' causes of action should

be dismissed as "legally insufficient," no arguments are made with respect to Plaintiffs'

_quantum meruit_ and unjust enrichment claims.   Accordingly, Defendants' motion to

dismiss must be denied.[28]

---

[28] <u>Vento & Co. of New York v. Metromedia Fiber Network, Inc.</u>, 1999 WL 147732, at *15
(S.D.N.Y. 1999) (denying motion to dismiss where "defendants cite little or no authority
in support of their motions to dismiss").

## Conclusion

Based upon the foregoing, it is respectfully requested that this Court deny Defendants' motion to dismiss and provide Plaintiffs such other relief deemed appropriate by the Court.


Dated:    May 30, 2008

**WEBSTER SZANYI LLP**
Attorneys for Plaintiffs
Joseph Marciano and
Back To Health Incorporated

By:    /s/ Jeremy A. Colby
        Kevin A. Szanyi
        Jeremy A. Colby
1400 Liberty Building
Buffalo, New York 14202


TO:    **Phillips Lytle LLP**
        William P. Keefer
        Attorneys for Defendants
         Jack Crowley and
         Atlantic Medical Specialties
        3400 HSBC Center
        Buffalo, NY   14203