UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────

JOSEPH MARCIANO and
BACK TO HEALTH INCORPORATED,

                              Plaintiffs,

              -vs-                                    08-CV-305-JTC

JACK CROWLEY and
ATLANTIC MEDICAL SPECIALTIES, INC.,

                              Defendants.
─────────────────────────────────────

        This case was originally filed in New York State Supreme Court, Erie County, on

March 19, 2008.[1]  On April 21, 2008, defendants filed a notice of removal on the basis of

diversity jurisdiction.  Item 1.  Presently before the court is defendants' motion to dismiss

the complaint, filed April 22, 2008.  Item 2.  Plaintiffs filed a response to the motion on June

2, 2008.  Item 9.  Defendants chose not to file a reply.  For the following reasons, the

motion to dismiss is granted in part and denied in part.


## BACKGROUND and FACTS

        In their complaint, plaintiffs allege that Joseph Marciano, a resident of Erie County,

is the principal of Back to Health Incorporated ("BTHI"), a New York corporation.  Item 1,

Exh. A, ¶¶ 1, 2, 8.  Defendant Jack Crowley, a resident of Pennsylvania, is the principal of

Atlantic Medical Specialties, Inc. ("AMS"), a Pennsylvania corporation transacting business

in New York.  *Id.,* ¶¶ 3, 4, 9.  Plaintiffs allege that Crowley/AMS acted as a sales

_____

        [1]  The case was originally brought against a third defendant, Pulmonetic Systems, Inc. but was
discontinued on April 14, 2008.  Item 1, Exh. B.

representative for Pulmonetic Systems, Inc., a Delaware corporation that manufactures medical equipment, and that plaintiffs were a sub-representative. *Id.,* ¶¶ 5, 10, 12. Plaintiffs allege that the parties agreed that plaintiffs "would receive 75% of the Crowley/AMS Commission on sales of Pulmonetic Systems products brought about by the efforts of Plaintiffs." *Id.,* ¶ 14. Plaintiffs further allege that they made a sales presentation to the New York State Department of Health ("DOH") in March 2006 and that, as a result of their efforts, a contract was secured for the sale of 1700 ventilators to New York State. *Id.,* ¶¶ 15, 16. The contract was divided into two shipments, each of 850 ventilators. After the first shipment, "in 2006 and/or early 2007" (*id.,* ¶ 18), defendants earned a commission of $416,202.50 and paid plaintiffs $230,144.58. After the second shipment, "in 2007 and/or early 2008" (*Id.,* ¶ 22), defendants earned another commission of $416,202.50, and paid nothing to plaintiffs. *Id.,* ¶¶ 17-24. Plaintiffs allege that they should have received two commissions of $312,151.88. *Id.,* ¶¶ 21, 25. The relationship between the parties was terminated by Crowley/AMS on March 2, 2008. *Id.,* ¶ 12.

Plaintiffs have asserted four claims against the defendants sounding in breach of contract, *quantum meruit*, and unjust enrichment.[2] The plaintiffs have withdrawn a cause of action for an accounting. Item 9, p. 12.

In their memorandum of law in support of the motion to dismiss, defendants set forth several arguments. First, they contend that all claims against defendant Crowley should be dismissed as plaintiffs have failed to set forth facts to justify piercing the corporate veil.

---

[2] A claim against Pulmonetic Systems, Inc., under the New York Labor Law, has been discontinued.

Additionally, they argue that the breach of contract claim should be dismissed because the oral agreement is unenforceable under the Statute of Frauds.[3]

In response, plaintiffs contend that they have sufficiently alleged facts against defendant Crowley in his individual capacity, and have asserted an enforceable oral contract. Plaintiffs also note that defendants have failed to offer any argument in support of dismissing the *quantum meruit* or unjust enrichment claims.

The court has determined that oral argument is not necessary. For the reasons that follow, the motion to dismiss is granted in part and denied in part.

## DISCUSSION

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Id*., at 557 (citation omitted).

---

[3] Defendants also argue that the claims under the Labor Law and for an accounting should be dismissed. The Labor Law claim was against Pulmonetic Systems, Inc. only and has been discontinued, and plaintiffs have voluntarily withdrawn the claim for an accounting.

Turning to defendants' first argument, that plaintiffs have failed to set forth a claim against Crowley individually and insufficient facts to pierce the corporate veil, the court notes that a federal district court sitting in diversity applies the substantive law of the forum state, including that state's choice of law rules. *See Lazard Freres & Co. v. Protective Life Ins. Co.,* 108 F.3d 1531, 1538-39 (2d Cir.), *cert. denied,* 522 U.S. 864 (1997). Under New York choice of law, the law of the state of incorporation is used to determine whether the corporate veil should be pierced. *See Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) (citation omitted). Accordingly, because AMS is a Pennsylvania corporation, Pennsylvania law governs the veil-piercing question.

Plaintiffs contend that they have asserted direct claims against both Crowley and AMS and thus are not required to plead facts sufficient to pierce the corporate veil.[4] In the complaint, plaintiffs allege that "Plaintiffs and Crowley/AMS entered into a contract for the payment of commissions resulting from the sale of Pulmonetic Systems' products to the DOH." Item 1, Exh. A, ¶ 28. Plaintiffs further allege that they performed all obligations under the contract and that defendants are in breach. *Id.,* ¶¶ 29-30. While plaintiffs have named Crowley, he is identified as the principal of AMS, and the allegations against him concern actions taken in his capacity as the principal of the corporation. Generally, a corporate officer is not personally liable for a corporation's debts or contractual obligations, unless the officer expressly promises payment in his individual capacity or otherwise voluntarily assumes liability. *Param Technologies, Inc. v. Intelligent Home Solutions, Inc.*,

_____

[4] Plaintiffs' authorities in this regard are inapposite, and generally involve cases in which liability is asserted against corporate entities, not individuals. *See* Plaintiffs' Memorandum of Law, Item 9, p. 8 n.8. Only *Fugazy Int'l Travel Group v. Stargazer, Ltd.,* 2003 WL 115220 (S.D.N.Y. January 10, 2003), involved individual liability for trademark infringement, and is not applicable to the facts herein.

2005 WL 2050446, *6 (E.D.Pa. August 25, 2005); *see, e.g., In re Estate of Duran*, 692 A.2d 176, 179 (Pa.Super.Ct. 1997); *Kiska v. Rosen*, 124 A.2d 468, 469-70 (Pa.Super.Ct. 1956); *Weimer v. Bockel*, 194 A. 318, 321 (Pa.Super.Ct. 1937). Accordingly, defendant Crowley is insulated from liability by the corporate form unless plaintiffs allege facts sufficient to pierce the corporate veil.

Under Pennsylvania law, a court may disregard the existence of a corporation to make its individual principals liable for the debts of that corporation through the equitable remedy of piercing the corporate veil. *In re Blatstein*, 192 F.3d 88, 100 (3d Cir. 1999). The alter ego theory comes into play in piercing the corporate veil when one seeks to hold liable an individual owner who controls the corporation. *See S.T. Hudson Engineers, Inc. v. Camden Hotel Dev. Assoc.*, 747 A.2d 931, 936 (Pa.Super.Ct. 2000); *Miners, Inc. v. Alpine Equip. Corp.,* 722 A.2d 691, 695 (Pa.Super.Ct. 1998) (citing *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1521 (3d Cir. 1994), *aff'd,* 514 U.S. 938 (1995)). Although the corporate form exists to shield shareholders from liability, Pennsylvania courts will not hesitate to treat as identical the corporation and the individuals owning all its stock and assets whenever justice and public policy demand. *Good v. Holstein*, 787 A.2d 426, 430 (Pa.Super.Ct. 2001). Although there is no definitive test under Pennsylvania law, courts apply a totality of the circumstances test when determining whether to pierce the corporate veil and impose alter ego liability. *First Realvest, Inc. v. Avery Builders, Inc.,* 600 A.2d 601, 604 (Pa.Super.Ct. 1991). There are several factors which courts have considered in making this determination: undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs, non-payment of dividends,

insolvency of the debtor corporation, siphoning of funds from the corporation by dominant shareholders, non-function of other officers and directors, absence of corporate records, whether the corporation is a mere facade for the operations of a common shareholder or shareholders, and use of the corporate form to perpetrate a fraud. *Hudson United Bank v. Pena*, 2005 WL 736603, *7 (E.D.Pa. March 30, 2005); *Lumax Industries, Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995).

Here, plaintiffs have not alleged any facts to suggest that defendant Crowley acted as the alter ego of AMS. Accordingly, the claims against Crowley in his individual capacity are dismissed. However, this dismissal is without prejudice, and plaintiff will be allowed to amend the complaint if, following discovery, the facts warrant an assertion of individual liability under a veil-piercing theory.

Defendants also argue that the oral contract alleged in the complaint is unenforceable under the Statute of Frauds. Assuming, as do the parties, that New York law applies, the court finds that the contract here is unenforceable. New York's Statute of Frauds provides, in pertinent part, as follows:

> Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
>
> 1. By its terms is not to be performed within one year from the making thereof . . . .

N.Y. Gen. Oblig. Law § 5-701(a)(1). This provision requires answers to one or both of the following questions: (1) whether the agreement is reflected in a writing signed by the party against which enforcement is sought, and (2) if it is not, whether the agreement is one described by the statute. *South Cherry Street, LLC v. Hennessee Group LLC*, 573 F.3d

98, 104 (2d Cir. 2009). Here, there is no dispute that the contract was an oral agreement. The issue is whether the contract was capable of performance within one year.

"It has long been held that the purpose of the statute is to raise a barrier to fraud when parties attempt to prove certain legal transactions that are deemed to be particularly susceptible to deception, mistake, and perjury." *Ohanian v. Avis Rent a Car System, Inc.*, 779 F.2d 101, 106 (2d Cir. 1985) (citing D *& N Boening, Inc. v. Kirsch Beverages, Inc.*, 472 N.E.2d 992, 993 (N.Y.1984)). Section 5-701(a)(1) has been read narrowly so as to bar oral agreements when there is no possibility of performance of the contract within one year. *See, e.g., Ohanian* at 106 ("The one-year provision has been held not to preclude an oral contract unless there is 'not . . . the slightest possibility that it can be fully performed within one year.'") (citing 2 Corbin on Contracts § 444, at 535; *Warner v. Texas & Pac. Ry*, 164 U.S. 418, 434 (1896) ("The question is not what the probable, or expected, or actual performance of the contract was, but whether the contract, according to the reasonable interpretation of its terms, required that it should not be performed within the year.")). If the performance obligations under an oral agreement extend beyond one year from the time of the making of the contract, the Statute of Frauds applies and the agreement is void.

Plaintiffs allege that they made their presentation to the DOH in March 2006, after which the contract was secured for the sale of ventilators to New York State. Thereafter, shipments were made to the DOH in 2006/early 2007, and 2007/early 2008. The relationship between plaintiffs and defendants was terminated by defendants in March 2008. While plaintiffs seek reimbursement of commissions from a completed sale to the DOH, and they argue that the contract for a commission on the DOH sale "was capable of and should have been performed within one year," (Item 9, p. 8), it is apparent that

defendants' liability under the oral agreement extended beyond one year. The complaint merely states that the parties agreed that plaintiffs "would receive 75% of the Crowley/AMS Commission on sales of Pulmonetic Systems products brought about by the efforts of Plaintiffs." Item 1, Exh. A, ¶ 14. Despite the termination of the agreement between the parties, if DOH were to order additional ventilators as a result of plaintiffs' efforts, AMS would be liable to plaintiffs for commissions, and that liability extends indefinitely. Thus, the termination of the agreement did not extinguish all liability for future commissions. Under New York law, a commission sales arrangement that extends beyond the employee's termination or that has no specific time frame has repeatedly been held to be one that cannot be performed within one year. *See Blossom Farm Prods. Co. v. Amtraco Commodity Corp.*, 64 F.R.D. 424, 429 (S.D.N.Y. 1974); *Urvant v. Imco Poultry, Inc.*, 325 F.Supp. 677, 682 (E.D.N.Y. 1970), *aff'd,* 440 F.2d 1355 (2nd Cir. 1971); *Zupan v. Blumberg*, 141 N.E.2d 819, 820 (N.Y. 1957); *Martocci v. Greater New York Brewery, Inc.*, 92 N.E.2d 887, 889 (N.Y. 1950); *Laub v. Bolar Pharmaceutical, Inc.*, 498 N.Y.S.2d 56, 57 (App.Div. 1986); *Cohen v. Bartgis Bros. Co.*, 35 N.Y.S.2d 206, 208 (App.Div. 1942), *aff'd,* 47 N.E.2d 443 (N.Y.1943). Under this rationale, in *McCollester v. Chisolm,* 478 N.Y.S.2d 691, 692 (App. Div. 1984), *aff'd,* 482 N.E.2d 1226 (N.Y. 1985), the court held that a service contract of indefinite duration in which the parties agreed that plaintiff would procure customers, or accounts, or orders on behalf of the defendant, is not by its terms performable within a year–and hence must be in writing and signed by the party to be charged–since performance is dependent, not upon the will of the parties to the contract,

but on that of a third party.  Accordingly, the court finds that this agreement falls within the Statute of Frauds and is unenforceable.

Plaintiffs argue that the parties' at-will relationship takes the oral agreement outside the Statute of Frauds.  An oral agreement for an at-will employment relationship has been found to be capable of full performance within one year and is thus outside the statute. *See Cron v. Hargro Fabrics, Inc.,* 694 N.E.2d 56 (N.Y. 1998).   However, the agreement here appears to survive the terminated relationship, and "[t]he endurance of defendant's liability is the deciding factor."  *Cron,* 694 N.E.2d at 60 (quoting *Martocci v. Greater N.Y. Brewing Co.,* 92 N.E.2d 887, 889 (N.Y. 1950)).   There is nothing in the complaint to indicate that defendants would not be liable for commissions on further sales of Pulmonetic Systems products to DOH or any other customer that arose as a result of the efforts of plaintiffs.

Plaintiffs' reliance on partial performance to take the oral agreement outside the Statute of Frauds is misplaced, as "[p]art performance only applies to overcome the defense of the Statute of Frauds in an action for specific performance of a contract." *Tecler v. Siwek,* 542 N.Y.S.2d 56, 58 (App. Div. 1989); *see Mulford v. Borg-Warner Acceptance Corp.*, 495 N.Y.S.2d 493, 495 (App. Div. 1985); *Papell v. Calogero*, 494 N.Y.S.2d 127, 129 (App. Div. 1985), *mod. on other grounds,* 497 N.E.2d 676 (N.Y. 1986). As this action is pleaded as one at law and seeks only money damages, without any prayer for equitable relief, the doctrine of part performance is unavailable to plaintiffs.  *See Mulford v. Borg-Warner Acceptance Corp., supra; Mihalko v. Blood*, 446 N.Y.S.2d 573 (App. Div. 1982).

Finally, the court notes that defendants have made no argument in support of dismissal of plaintiffs' *quantum meruit* and unjust enrichment claims. Accordingly, the motion is denied as to those causes of action.

**CONCLUSION**

The defendants' motion to dismiss is granted in part and denied in part. The claims against defendant Crowley are dismissed without prejudice. The motion is granted as to plaintiffs' breach of contract claim, and denied as to the *quantum meruit* and unjust enrichment claims.

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: September 25, 2009
p:opinions\2008\08-305.sep1709